McFarland v. Wells Fargo Bank. Ms. Wagner. Thank you, Your Honors. May it please the Court, my name is Jennifer Wagner. I'm here with Mr. McFarland. Mr. McFarland brought this case to challenge the foreclosure of his family home based on the statutory claim of unconscionability. At the summary judgment stage, Mr. McFarland presented substantial evidence that he had been tricked into this loan through deception and unfair practices and that the loan was unwise and unfair to him. Notwithstanding this evidence, the District Court granted summary judgment in favor of the banks. The ruling broke with all precedent on the matter. Not any precedent that bound him. I don't think that's correct, Your Honor. You think there's some precedent that binds him? What case binds him? Well, the West Virginia Supreme Court of Appeals orders and rulings on the issue of unconscionability clearly bind the District Court in interpreting West Virginia Wait a second. Let's see what he ruled. He said that lending money is not unconscionable in and of itself. Isn't that what he ruled? I don't believe that that's his ruling, and I will actually quote from the holding in this case. Right, I read it. The quote is, a refinanced loan exceeding the value of a home is not evidence of substantive unconscionability. So what the District Court is doing there is holding that it cannot consider the fact that the value of the home was less than the value of the loan. What he said is, let me read from what he said. Simply receiving a loan for any value without indications that the loan was otherwise unfair in the amount of the interest charged and time of payments or the like cannot be substantively unconscionable. That's what he said. What precedent would say that is not right? I don't believe that that's the court's ruling here. Let me ask you, if it is, is there any precedent that would say that is incorrect? I believe only to the extent that the court held in that ruling that he was not required to consider the evidence of procedural unconscionability. No, that's not what I asked you. Well, I want to talk about that because I think there may be a point I want to explore with you. But I'm reading from the opinion and the judge goes, simply for the sake of clarity I should make a distinction. Merely receiving a loan for any amount of money without more cannot be unconscionable. And this is certainly at notes 14 and 15. Simply, I want to see if you argue with this position. Simply receiving a loan for any value without indications that the loan was otherwise unfair in the amount of the interest charge, the time of payments or the like cannot be substantively unconscionable. Do you argue with that proposition? I do not, Your Honor. I agree that taken in a vacuum with no other evidence on the record, receiving a loan of a particular value is not in and of itself unconscionable. Do you think that there is a separate cause of action for inducement? I do, Your Honor. And under West Virginia law, why do you think that? I first want to note I don't believe that this court has to reach that in deciding this appeal because Mr. McFarland presented evidence on both sides. But getting to your point, Your Honor. No, but it may have to be decided because if there is a separate cause of action that you're bringing under inducement, the court didn't rule on that, did it? No, it did not, Your Honor. So wouldn't that make question whether or not we even have jurisdiction in this case? Well, I believe that by dismissing count one in its entirety, the court did not address the claim for unconscionable inducement, but the court did rule on the claim for unconscionable inducement. So I do believe that this court has jurisdiction. So you think, although you have a claim outstanding that has not been addressed, that we have jurisdiction? I do believe that the court addressed the claim by dismissing the claim. You say the court disposed of the claim without talking about it. Exactly, Your Honor. There's nothing left for it to be decided in this case. So you think then that we ought to decide the appeal, the issue in front of us, and then remand it for consideration of the separate inducement claim? I believe that this, I think there are several issues. There's one question. Do you think we ought to rule on the issue in front of us as to substantive unconscionability and remand on procedural unconscionability? I think that that sort of, there's not a claim for substantive unconscionability without examining the procedural aspects. So I believe that there's not, so I do believe that this procedural contract, as Your Honor is stating, and remand for finding— Why else would we do? Then you want us to rule on the substantive claim in front of us, right, one way or the other, and then you would want us to remand for consideration separately of the procedural unconscionability? I don't believe that's necessary because there are several opinions in the West Virginia courts that have addressed the issue of unconscionable inducement versus the claim of unconscionable contract, and when they decide that the claim for unconscionable contract gets past summary—I'm sorry. What would we do in this case? Summary judgment was granted. That's correct, Your Honor. So we would reverse that and rule on another issue for you? No, Your Honor. That's what I don't understand. What would you have us do? I would have— Do you think you have a separate, do you think in this lawsuit you have a separate claim for procedural unconscionability, inducement? Do you think you have that? I do believe that we pleaded that, but I don't believe that—I believe it's an alternative claim, so if the court rules that the unconscionable contract claim can survive, I don't think that we need to have a separate ruling on unconscionable inducement. But that said, I— I'm sorry. If we thought that the unconscionable contract claim, that summary judgment was properly granted on that claim, then you think we should remand for the inducement claim? Yes, Your Honor. Okay. And to get back to your original question, Your Honor, about— I forgot what it was, but I'm glad you had me answer it. —about the authority for the unconscionable inducement claim, the—first of all, obviously as the court is aware, the most important authority is in the statute itself. And the statute specifically states, with respect to a transaction which is or gives rise to consumer credit sale or a consumer loan, if this court as a matter of law finds, A, the agreement or transaction to have been unconscionable at the time it was made or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement. Your point is—we read the statute. Your point is what there? The statute sets up alternative grounds. As or, doesn't it? Exactly. Has the West Virginia Supreme Court ever directly, a court of appeals, whatever it's called, the highest court— Sure. —has it ever addressed the issue of whether or not there are two separate causes of action? In the Quicken v. Brown case, the Quicken Loans v. Brown case, the court specifically reached two alternative holdings in which it affirmed the order below which found for the plaintiff in favor of unconscionable inducement and then turned to the issue of the unconscionable contract. And that's very explicit in that case. No, no, no. Have they ever said, looking at the statute, it provides—and these express words sound like this—there are two different causes of action. Has the court ever said that? I couldn't find it. So, the court has not said in those specific words, but I do believe that affirming a decision with each claim does— No, but I asked you if they ever addressed that. Right. And my answer is no, they haven't explicitly addressed it. I would say there's some dicta in some cases that I'm sure Your Honor is aware of, the Credit Acceptance Court v. Front case. Two members of the Supreme Court, one in the majority and one in a concurrence, both indicated that they believed that there were alternative claims, but that it hadn't been addressed explicitly. Wow. Then after that case, I believe is when the Quicken v. Brown case came out, which did— Does that case suggest that Virginia state law requires both elements? The Genesis case actually came before the Credit Acceptance case and before the Quicken v. Brown case, and that case solely addressed the common law claim of unconscionability. It didn't look at the statutory claim, which was set up separate. And in fact, I do want to point this out in terms of authority here, that the commentary to the Uniform Consumer Credit Act that our statute was passed based on, that commentary explicitly says that they're creating a separate claim for unconscionable inducement because of the specific circumstances that face consumers. So the context here is that that claim was created by the statute and that wasn't considered in the Brown v. Genesis healthcare case. An important point, though, from the Brown v. Genesis healthcare case is that they do discuss—and I think that this gets back to the heart of the case here—in that case, there's a lot of language about how necessary it is, even when you're looking at an unconscionable contract claim, to consider the procedural aspects of that transaction. I'm sorry, just before we get to the contract claim, I just want to—on the inducement claim, I mean, my understanding was that if there is a separate inducement claim, unconscionable inducement would require something more than sort of your standard showing of procedural unconscionability. It would be a heightened standard. Is that your understanding also? You couldn't just come in with the same old unequal bargaining power because otherwise you'd be running right into that case law that says you need both. That's absolutely true. And in fact, in the Quicken v. Brown case, the court does talk about how in the unconscionable inducement claim, what we're looking at is evidence of deception. And affirmative wrongdoing. Exactly. And I think that evidence exists here. And so it is a separate issue. And yours here is, do you have a separate inducement claim? Yes, Your Honor. But you say it fades away if you survive the substantive inducement claim? I just—I believe that— Is that because you think that's legally so or factually so? I wouldn't say it fades away. I just think that once you've got—I mean, I suppose it is a separate claim. And if the court found on unconscionable contract that it should proceed to trial, there would be an appropriate remand on unconscionable inducement to see whether that claim as an alternative claim would also be appropriate for trial. That's the answer now. It didn't sound like what you said early on. You're right, Your Honor. I'm reconsidering my answer because of this question. Nothing wrong with thinking about it as you go sometimes because you get asked something. But really, that's what counsel is supposed to do. But it wasn't clear to me. It looks to me like that you assert—if there is a separate claim for inducement, that you have asserted it. And the question is, what should we do with that? And if it is a separate claim, you've already answered the question. It's a jurisdictional or disposed of claim that we have to look at what do we do on that. But you believe that there is a separate inducement claim under West Virginia law. I do believe that, and I think it's clear. I do want to also just refer this court to the recent decision that came out, I believe, last week or the week prior in the Allig v. Quicken Loans case. It's a district court decision, but it's the first time a court has really looked in depth at these issues. And Judge Bailey, in that decision— By the way, why are district court judges spending so much time disagreeing with one another about West Virginia law? Does nobody want to find out what West Virginia says about their own law? I don't believe that there actually is any disagreement at the district court. Well, there's disagreement. There's disagreement. I mean, I believe that— You haven't read the opinions if you don't think there's disagreement. I think that the district— The district court judges, all of whom are good folks, have sort of taken to chiding one another over their rulings. I don't— I think that's a sign not that they dislike each other, because I know as a fact they don't, because they don't. But they just don't understand what people are saying. Should we certify this case to the West Virginia Supreme Court to find out? Do you see my time is out? Do you want me to— You can answer that one question, then you reserve some. Should we certify it? I believe that's up to this court's discretion as to whether that's appropriate. Of course, it's up to us, but I'm asking what you think. I can tell you, I'm going to give you answers. Somebody told me one time in response to that question, Your Honor, if you think I'm going to lose here, yes, I would like to answer that. That's a fair enough answer. Well, think about it. You have some time to come back up. Thank you very much. Thank you. It's not a bad answer. If I'm going to lose here, yes. Mr. Lynch. May it please the court, Judge Diaz, Judge Shedd, and Judge Harris. My name is John Lynch and I'm representing Wells Fargo. And the answer to that question, if you ask me that question is, if you think I'm going to lose, please certify it to the West Virginia Supreme Court. What about just certifying it in the first instance? I don't think you have to do that, Judge Shedd, at all. And I'd like to just kind of explain our view of the structure of the statute and the law. One, we do believe there is a separate claim for unconscionable inducement. I do. I think if you read 46A-2-121, 1A is a separate claim. And there's nothing in the case law that suggests otherwise? I have not found anything, Judge Diaz, that suggests there's not an unconscionable inducement claim. But there are cases that say you have to have both. Is that kind of stuff? The way we interpret that, Judge Shedd, is that whether you look at 1A, which is unconscionable in the contract terms, that for both prongs you have to look, and I know I'm using the same words, at procedural unconscionability. You've got to have procedural and substantive unconscionability under both prongs. But you could have a separate inducement claim, freestanding separate inducement claim? That's the way I read the statute, Judge Shedd. I just don't know. It says or, it says 1A. I don't see how you could read it any other way. In this case, if you look at count 1, it says unconscionable contract, first mortgage. It's the only claim that arguably, you know, has any allegations relating to unconscionable inducement. It does use the word inducement. Right. You don't, this court doesn't need, if you agree with Judge Goodwin on the unconscionable contract, we think all that was before Judge Goodwin and all that they argued on summary judgment was the unconscionable contract, the 1B, because 1A is unconscionable inducement. The record is clear. Wells Fargo had no communications at all with the bar. It doesn't matter. What if? We didn't induce them to do anything. What if? We couldn't have. Do you agree that the complaint, that the complaint alleges it against you? It says unconscionable contract. It says all defendants. Right. So isn't that alleging it against you? It alleges it, but when we moved for summary judgment on that entire claim, they didn't raise an argument on unconscionable inducement against Wells Fargo because they didn't have any evidence. I know that, but what if Green Tree was acting as your agent some kind of way? I know, but they didn't get any evidence to prove that Green Tree. Was that even argued? Not even argued. It wasn't argued on summary judgment. Was the point of inducement separately argued? It looked to me like Judge Godwin said, I'm not, I don't need to deal with that. What Judge Godwin said was I'm not dealing with procedural unconscionability. Right. Isn't that inducement? See, we don't see that, Judge. When you look at 1B, we believe you have to have substantive unconscionability and procedural unconscionability, which doesn't mean, procedural unconscionability doesn't mean unconscionable inducement. Procedural unconscionability, in our view, you have to look at the age, the education, the circumstances around the closing. We don't believe procedural unconscionability, Judge . . . The three bases that you look at then is potentially, one is the inducement, and then other for what we call substantive, what I call substantive unconscionability, you have to have procedural and substantive? We believe for 1B, under West Virginia law, you have to have procedural, which is not what our position is, Judge Shedd, to be clear, is unconscionable inducement and procedural unconscionability are not synonymous. That's our point. Okay. So procedural unconscionability doesn't mean unconscionable inducement. Procedural unconscionability means, under 1B, if you find that the terms are grossly unfair, you've got to have that and you've got to have a procedural unconscionability. As you concede, I think you do, I read your brief this way, there is a separate freestanding claim for inducement unconscionability. I do. Like I said in the beginning, I don't see how you could . . . You just think factually it doesn't apply to you in this case. And that's the reason they didn't raise it in opposition to summary judgment. Their count one, Judge, was unconscionable contract against Wells Fargo, and the portion of count one that has allegations about unconscionable inducement was against Green Tree. There's not one fact to support an unconscionable inducement. No, that's not what the complaint says, though. The complaint says all defendants and inducement. The title of the claim is unconscionable contract. I know that, but if you read that, it's alleged inducement. I'm sorry. No, go ahead. You say there's no evidence of Wells Fargo's unconscionable inducement. Are you limiting yourself to certain aspects of this loan process? What about the appraisal and the closing? I mean, there's apparently some evidence that Wells Fargo had some involvement there. Yeah, and here's the Wells Fargo had an internal review of the appraisal, and they had an expert attacking that, but they did not have an expert attacking whether it was a bona fide appraisal, whether the appraisal was done by someone certified, whether the appraisal was done in accordance with guidelines. There's a statute in West Virginia that we cited in our brief that says if you have a bona fide appraisal by someone that is certified, you can have a loan amount in excess of value, which further supports Judge Goodwin's decision on the unconscionable contract. That site is 31-17-8-M-8. If you rely on a bona fide appraisal, they didn't even sue the appraiser. I probably have had Judge Diaz, our firm, and I've handled most of them, 300 cases in West Virginia. They usually, if they believe the appraisal process was either a fraudulent appraisal or the appraisal on its face wasn't bona fide, they would sue the appraiser. They didn't sue the appraiser here. Well, maybe they made a considered judgment that it wasn't efficient to go after an appraiser. Maybe the appraiser's belly up. I mean, who knows? They had a second chance to get an expert appraiser. The only two things they challenged in the appraisal process was the valuation and Wells Fargo internal review of the appraisal. They did not challenge the face of the appraisal or any fraudulent appraisal. They didn't have any evidence of that. What happened in this case and what they do . . . You've had 300 cases. I think now I know why you don't want this certified. Actually, the West Virginia . . . Everybody did litigation on this. The West Virginia Supreme Court has said both procedural and substantive are required. That's the Brown case. That's the . . . I know they said that, but you draw the distinction between inducement and procedural. I do. I do. I just don't see how you could read the statute otherwise. I think what they're saying is when you say a loan is void . . . Let me say this, though. Back to the inducement against you. Just on this inducement, then I'll get off this. You say that there are no facts in the record. Did the judge rule on the inducement claim? The judge ruled on count one, and it goes kind of to a pleading issue. We moved for summary judgment on count one. Can you read the judge's order and realize that he separately addressed the inducement claim? I can't read it that way because I don't think there is a separate claim. They didn't argue in opposition to summary judgment. No, no, no, no. They make it in their complaint. You just agreed to that. All defendants, and they mention inducement. I thought we already agreed to that. They make that claim. They make that claim. You don't think it's factually supported against you. Right. Now I'm asking, I could not see where the judge addressed that claim anywhere. You think that's just subsumed in his dealing with count one? I think he didn't deal with it because it was so obvious that the portion of count one that dealt with unconscionable inducement . . . It's just they didn't argue that they were even seeking a claim on summary judgment. When we moved for summary judgment, Judge Shedd, on count one, they've got the obligation to come back and say on count one, we're making a claim also for unconscionable inducement and here's our evidence. I don't remember your papers. Did you say there's no evidence of inducement? Did you say that? I don't think we . . . I said under count one, just unconscionability. I don't think we said . . . I don't know if we made that. I'd have to . . . Judge Shedd, I can't remember that. Here's why this case is significant and what's going on. Just kind of high level, big picture. They take a retro appraisal. They get a retro appraisal from a loan six years ago and get someone to say the value is less. They believe that standing all by itself, a disagreement in value, gets them to a jury on substantive unconscionability. I thought Ms. Wagner conceded that that wasn't enough. First time I'd ever heard her concede and she . . . good she did that. If she did do that, I hear you, Judge Diaz, but that's not the practice and that's why this case, Judge Goodwin, said there was nothing else here substantive. I mean, there was no other points. What about his refusal to consider the benefit of the loan, the overall benefit and the issues relating to benefit? I mean, shouldn't . . . isn't that part of the analysis? Well, the test is a different part of the statute. In the law, there's no law saying that that is the test for substantive unconscionability. The test is, was it a lopsided or grossly imbalanced transaction? There's legions of West Virginia law saying that. Substantive unconscionability, gross imbalance. Gross imbalance or a total lopsided transaction. Judge Goodwin did consider all the terms of the transaction and found them all fair. In their brief on 266, in the record, they said the only two unconscionable terms that they're pursuing is the fact that the loan amount was greater than the value and this net benefit test, which is under Section 31, which is an entirely different section, and that's all they raised in opposition to summary judgment to count one, Judge Judd. Why isn't there a net benefit? There's a huge net benefit here. They got extra money, paid off loans. They paid off a car, a student loan, got a better interest rate, a better mortgage amount. I'm saying if we were to consider that that's a fact, if we were to decide that's a fact, that it has to be decided, it seems to me that there's no dispute there's net benefit. No question. And then later on in the process, Wells Fargo modified the loan to a 4.5% interest rate, and they sued on this earlier loan. So everything on substantive unconscionability, Judge Goodwin considered. There has to be something that's grossly imbalanced. I'm going to ask the other side, so to be fair to you, I want to ask you this too. What do you think under the law their remedy is in this case? They take the position their remedy is getting the loan voided. What do you think it is under the law? What I think it is under the law . . . In this case, what's the remedy? That they would have to approve damages. It could be the amounts of payments they made on the loan. It's a statutory penalty. Is that it? What happens to the loan and the money and the lien and all that? What happens to that? They take the position that there's no . . . I know you said you've handled 300 cases. I'm asking you. I'm going to ask them what they think. I'm asking you what you think the remedy is. I think potentially it's reimbursement of payments and the statutory penalty under West Virginia law. Would they have to offer you back the $180,000? It would be a rescission analysis. Yes, it would. Return everyone back to the status quo. Just walk through quickly for me what you think the remedy would be. If they won, if it's unconscionable, there may be a civil penalty they would be entitled to, and there would be some kind of factoring in on their loan payments, what they've already paid you versus maybe what they should have paid you, but it would be some kind of number there. It would be marginal, wouldn't it? Yes, Judge, especially here. Then they would have to offer you the money back, $180,000, and you would forgive the lien. Is that how it would be? It's really just like the TILA analysis on a rescission. I'm asking you, is that it? That's it. That's our position. Punitive damages? There's no punitive damages at all. Is there any indication in this record, it appears to me that it's not, that this plaintiff is in a position to offer you the money back? Not at all. Not at all. That's rarely the case that you could do a tender exchange. They'd return the money. What normally happens is, it's odd to me, in an unconscionable agreement, the person who wants rescission is really placed in some onerous condition by the terms of the agreement. And so, in other words, you might get a loan for the value of your home, but then you realize it's unconscionable what the bank's doing to you, so you ask the court in equity to rescind it. And so, the court would look at rescission, and they would go, you're out of here, everybody goes back to the status quo ante. You bank, you get your money back, and you drop that mortgage. That's exactly our position, and that's the same as the TILA rescission. They have to make a tender offer, and everyone returns to the status quo. What's odd here is that, just for that normal kind of analysis, the person bringing the claim has actually benefited in a number of ways from what he asserts is an onerous situation. His claim is he got more money than he should have gotten. We think the world's upside down in this area of the law, and that's the reason we made the arguments to Judge Goodwin. And Judge Goodwin, who's had a number of these cases for a number of years since 2007, thinks the same thing, because there could be nothing wrong with the loan, the terms at all. There could be a benefit to the borrower. They bring in a retro appraisal. Maybe not the loan amount, but what about the other issues with respect to the higher interest rate, increased closing costs, and the like that they claim prejudiced or disadvantaged the borrower? Judge Goodwin considered every one of those. It sounded like he wasn't willing to consider the benefit or disadvantage of the loan to the borrower. Judge Shedd read a portion of the opinion where he considered whether there were any hidden fees, whether it was the interest rate high, was anything not disclosed. It was 7.75%. The fees were disclosed and under the high loan statute. Your point is after considering all of that, what he's left with is a loan, a lender who gave more money than it should have. That's right. So Judge Goodwin considered everything you're supposed to consider on substantive unconscionability. It was left with this, which is often the case. Ms. Wagner and their firm, except for today on the record, say, we've got a retro appraisal, that's enough. Admittedly, there was one other judge in the CROI versus Greenpoint funding case that agreed with Judge Goodwin and said that's not enough unless there's some fraud in the appraisal. Judge Goodwin said in his opinion, other judges have said that retro appraisal is enough. But loaning too much money when you get the benefit of it, that isn't a gross imbalance. That is not an undue hardship to one side over the other. Wells Fargo is more at risk now than anyone. One thing I don't know if you all realize in this case, too. We realize that. Okay. This property is four hours away from Charleston. This property is in the eastern panhandle. That adds value? Not at all. What it does is it's in a rural area, and if you look at the appraisals, and again, I'm not saying it's necessarily relevant to any legal issue, but when you're doing those appraisals at this time, getting comparables is really, really tough. I think they would acknowledge that, too. Obviously, we're in a different economic time. Before you run out of time, I just want to ask a question about procedural unconscionability. I know, and you're relying on it heavily. There's all this case law saying you need both, not for the inducement claim but for the contract claim. Yes, Judge Harris. But then there also are all of these cases where the West Virginia courts say, but you shouldn't get rid of a case on summary judgment without also looking at procedural unconscionability. At the summary judgment stage, you shouldn't award summary judgment if there are disputed issues on procedural. So how do you synthesize those two sets of cases? Which one are we supposed to follow? Well, first of all, I think you're supposed to look at the West Virginia Supreme Court. I think there's two answers to that. The first answer is that since you don't have any substantive unconscionability, there was no need to look at procedural. And if you were supposed to look at procedural, it's harmless because there wouldn't have been any substantive and it wouldn't have made any difference. That's my first point. The second point is this court can look at procedural. And you can look at procedural, the records before the court, and there's no procedural unconscionability here at all. So whether it's... I thought your larger point was going to be all their comments about you shouldn't do it on summary judgment. We call that idle chatter. No, seriously. What they say about whether or not summary judgment ought to be granted in state court. Procedural, not substantive. Yeah. That's what I think, too. Yeah, yeah. What they say about shouldn't be granted summary judgment. Procedural differences. It had nothing to do with us. And we don't have to follow West Virginia procedural laws. Correct. It's a substantive... If you also look, Judge Goodwin made a big point about most of the cases on motions. No, wait a second. Let me make this point. When I said idle chatter, I just wasn't... I mean, from our perspective, yes. We use it in cases. I've used it myself. And I've seen it used. What they say about don't grant summary judgment, that's just... That's what they do. That's fine. It doesn't change what we do, which is review the law as to the elements and what we do on it. Yes, procedural. Yes. You exactly know that. I think I've gone past my time. Thank you, judges. Thank you. Let me hear... I'm not sure. We're talking about what we heard you say. Did you say that a loan in excess, in and of itself, is not unconscionable? If there is no other evidence in the record, either as to procedural or substantive unconscionability... You know what? You have to listen to my question. I said in and of itself. Yes, sir. That's not enough. That's not unconscionable. I agree. Okay. I agree. Okay. And I don't think there's any dispute about that. I think that the problem here is that there are significant issues of fact in the record that Judge Diaz pointed out and that preclude summary judgment under any standard. So I think that what... In fact, the discussion with Mr. Lynch before this really highlights the fact that there are issues of fact about that. About the benefit versus the cost. There are... The judge didn't look at any of this because he said the net benefit analysis wasn't necessary. But all that means is that you have to weigh the benefits against the cost. And here we're talking about, yes, there were potentially some other loans paid off. There's evidence that there's $14,000. And this was before the judge. He didn't even mention this in his order. $14,000 that Mr. McFarland has to pay back with interest that he never received. What does that have to do, though? So if there was some kind of a... If someone stole $14,000, I guess you bring a conversion claim or something. But what does that have to do with whether the agreement itself was unconscionable? I don't understand that. It is one factor in the fact that he's being required by this agreement that Wells Fargo picked the escrow agent. If someone had broken into his house and stolen some of the money, it wouldn't make the agreement unconscionable. I agree with that. I just don't understand that. I agree with that, Your Honor. I think that it's one element that relates... How is it even relevant, then, is the question she's asking? How is that relevant? It's relevant because Wells Fargo failed to keep any records of its disbursements in this matter, which is a matter of regular and commercial reasonableness. That might be some kind of breach of fiduciary duty or some kind of breach of a duty. But what does that have to do with the agreement and entering the agreement? I do believe that it's part of the commercial reasonableness. I know you think it's wrong. It's commercial reasonableness. But what does that have to do with inducement and unconscionability? That's the question. Well, and this actually doesn't have to do with the inducement so much as having to do with the contract as a whole. So what we're looking at is a contract he was actually caught in. And turning to some of the other issues, the interest rate went up. He was switched from a fixed rate to an adjustable rate. The monthly mortgage payments went up. What do you think is the biggest unconscionable definition or application in this case, the single largest, in inducement would be what? In inducement, is there one? I'm sorry. Are you asking what the facts are? No, no. I'm asking what you think what fact in inducement, the single fact, is the greatest proof of unconscionability in inducement. What one fact? The court has to look at all of the circumstances together. However, I will answer your question. No, no, no. I'm asking what the court did. I'm saying what do you think? You know the record. What one thing in inducement do you think screams unconscionability? I don't think you can look at it in a vacuum. But I think that there are three things that scream unconscionability. Three, but how about give me one? He was lied to about whether he would receive a fixed or an adjustable interest rate. What do you think is the largest fact of unconscionability, what we call substantive unconscionability, in the loan itself? That his entire debt burden, including his mortgage payment, increased. So he was put in a financially worse position overall. That's unconscionable, you think? I think that that is one. They gave everybody money, and they had that money, and it's harder to pay back more money? That's unconscionable? They did not. I'm saying including all of the loans that he paid off with this loan, adding all of those payments together, his debt burden increased. It put him in a worse financial position. And I don't think, Your Honor, and I, you know, the reason I'm providing a little bit of resistance here is because it's very clear under West Virginia law that you cannot say this is the one thing, this is the one thing. I didn't ask you to say only one thing you could stand on. I asked you to name the thing that you thought was most beneficial to your case. I understand there are a lot of things, but I wanted to test your case to see what you think is the most unconscionable. I can do that if I want to. What do you think your remedies are? I appreciate that question, Your Honor, and I do want to preface my answer.  However, Mr. Lynch is. Let me say it's before this court because I just asked you. What do you think your remedies are? So I'll understand your view of what the law is. I believe that Mr. Lynch is more or less correct on this. The law is if we prevail, we're entitled to civil penalties. We're entitled to actual damages. Do you have to present the money back to the bank? You could less any other. Maybe you could have an offset. Is it $180,000? Was that the amount of the loan? Yes, Your Honor. You have to give them back. If you went on rescission because of unconscionability, it's your position you have to give them the $180,000 back, and any indebtedness will then be wiped out. I think that might be the case. The West Virginia Supreme Court's statement on this in the second Quicken v. Brown case was that the court, and this is in keeping with the statute, the court can refuse to enforce the unconscionable terms, and that that should be keeping that in mind, putting the parties back in the status quo ante. What does that mean? I think it's putting the parties back in the status quo. No, I understand what those words mean. In this case, do you think you have to present $180,000, maybe some offsets for some civil penalties you might keep or something, back to the bank to get the loan canceled? I think that there's a potential that it would have to be paid back with offsets for the $14,000 and for some of the other issues that you've addressed. But as a general principle, you think the law in West Virginia is in a situation like this, if you are granted rescission because of unconscionability, you or your client or anybody in that position would have to offer up the loan money back to get the remedy of the loan disappearing. I think that that is likely to be the case. It's not been briefed, and I haven't fully looked into the issue, but I believe that that's likely to be the case, but it's up to the court's discretion to grant an equitable remedy. You bring in this lawsuit and you don't have any idea what remedies you can get? I do have an idea, and that's what I'm telling you my idea is. But I do believe that it needs to be further briefed before we get into it. Can I ask you a question about substantive unconscionability? So in response to the motion for summary judgment, if I'm remembering the record correctly, you argued that there were two terms that were substantively unconscionable. One was that the value of the loan was in excess of the home's value, and the other was this net benefit point. There is one section where we respond to a comment by U.S. Bank and Wells Fargo in that regard, but in the introductory section to the substantive unconscionability, several other factors are also included. But more to the point, the net benefit discussion, that really does incorporate all of the other arguments because what it means is looking at the costs versus the benefits of the loan here. Let me ask you this. Just assume for a minute hypothetically that I agree with the district court that the fact that the loan was in excess of the value of the home is not evidence of substantive unconscionability, and I agree that this net benefit test isn't really the right measure for substantive unconscionability. Are you suggesting I'm still not done? There are still other issues I need to address because I don't really see why. Just when it comes to substantive unconscionability, just to be clear. Well, I'm not sure this is exactly what you're asking, but I hope it is. I believe that it's very clear in West Virginia law that you have to look at the terms in light of the circumstances and potential deception and one-sidedness of the transaction. I'm sorry, procedural unconscionability. I'm saying if I'm only focused for a moment on substantive unconscionability, putting to one side unequal bargaining power and things like that. But what I'm trying to say is that you cannot put aside, you have to look at the terms in light of the circumstances that got you to those terms. So you would disagree that these cases about summary judgment are just procedural rules. You think it's really kind of a substantive rule that you can't, just as a matter of substantive law, in considering whether there is substantive unconscionability, one must consider the circumstances around the entering into the contract. I think that's very clear in the West Virginia case law, that it's a substantive rule that you have to look at that. And I see that I'm out of time here. I would request that this court reverse the order below and remand for a trial on this matter. I appreciate it. Thank you very much. We appreciate the argument. Interesting case. Do you need a break? I do. We will take a short recess, sit down, greet counsel, and then recess shortly and come back for the next case. This honorable court will take a brief recess.
judges: Dennis W. Shedd, Albert Diaz, Pamela A. Harris